UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____

KERRY J. HAHN

        Plaintiff,

v.                                        Case No.: _____

YANKEE REMODELER OF NEW LONDON,
INC. and JEFFREY TOLER,

        Defendants.

_____

## **COMPLAINT**

Plaintiff, KERRY J. HAHN, by and through her undersigned attorneys, for her Complaint against Defendants YANKEE REMODELER OF NEW LONDON, INC. and JEFFREY TOLER, states as follows:

### INTRODUCTION

1. This lawsuit arises from a motor vehicle collision on a pubic highway located in the Town of Middletown, Newport County, State of Rhode Island in June, 2016.

2. The motor vehicle that collided into Plaintiff Kerry J. Hahn was owned by the Defendant United States of America and she has contemporaneously filed suit under the Federal Tort Claims Act. These two lawsuits are related actions as understood pursuant to LR Cv 9.1.

1

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Kerry J. Hahn is, and at all times relevant hereto was, a resident of Town of Portsmouth, Newport County, State of Rhode Island.

4. Defendant Yankee Remodeler of New London, Inc. ("YANKEE") is a foreign business entity organized and existing under the laws of the State of Connecticut.

5. YANKEE's principal place of business is located at 95 Truman Street, New London, Connecticut.

6. YANKEE has been awarded commercial and institutional building construction contracts by the Naval Facilities Engineering Command ("NAVFAC").

7. Upon information and belief, YANKEE was performing services for NAVFAC in June, 2016.

8. Defendant Jeffrey Toler is a person of lawful age and a resident of the State of Connecticut.

9. Upon information and belief, at all times material hereto, Jeffrey Toler was an employee, agent, servant and/or otherwise hired by Defendant YANKEE.

10. At all times material hereto, the United States of America, through its agency, NAVFAC, was the owner of a motor vehicle described as a 2016 Chevrolet Express with registration # G433983P (hereinafter "VAN").

11. This Court has subject matter jurisdiction of this action under Title 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and is between a citizen of Rhode Island, a foreign business entity and a resident of the State of Connecticut.

12. Venue is appropriate in the District of Rhode Island pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## FACTS COMMON TO ALL COUNTS

13. On the afternoon of June 3, 2016, Plaintiff Kerry J. Hahn was the operator of a motor vehicle traveling in a northerly direction on Burma Road, a public highway, in the Town of Middletown, County of Newport, State of Rhode Island.

14. At all times material hereto, Kerry was operating her motor vehicle in a safe manner and exercising reasonable care.

15. At the same date and time, the VAN was being operated by Jeffrey Toler and traveling in a westbound direction exiting the Naval Undersea Warfare Center ("NUWAC") and attempting to turn south on Burma Road.

16. Operator Jeffrey Toler caused the VAN he was operating to collide with Kerry's motor vehicle, when he drove into the lane of travel of Kerry's motor vehicle ("Incident").

17. The Defendants' negligence caused and/or contributed to the cause of Kerry's motor vehicle being damaged and she suffering physical injuries.

18. In the alternative, Defendant Jeffrey Toler and by respondeat superior, Defendant YANKEE were negligent in the operation of the VAN which caused and/or contributed to the cause of Kerry's motor vehicle being damaged and she suffering physical injuries.

19. At all times material hereto, the road conditions were dry.

20. At all times material hereto, Kerry was lawfully driving a motor vehicle.

Case 1:19-cv-00114-WES-LDA   Document 1   Filed 03/06/19   Page 4 of 6 PageID #: 4

21. At all times material hereto, Kerry was unable to foresee or prevent the impending Incident.

22. At all times material hereto, Kerry exercised due care with a cautious regard for her own safety and well-being.

## CAUSE OF ACTION

### COUNT ONE – NEGLIGENCE

23. Plaintiff Kerry J. Hahn realleges and reincorporates each and every allegation set forth above at paragraphs 1 through 22 as if fully set forth herein.

24. Upon information and belief, at all times material hereto, operator Jeffrey Toler was the employee, agent, servant and/or otherwise within the control of the Defendant.

25. At all times material hereto, operator Jeffrey Toler was operating the VAN.

26. Upon information and belief, at all times material hereto, Jeffrey Toler was acting within the scope of his employment with YANKEE.

27. The Defendants owed a duty of care to Kerry, and others on the roadway, to operate the VAN in a reasonable manner and to operate, manage and control the VAN with due care and caution and consistent with all applicable traffic regulations and for the safety of others.

28. The Defendants breached their duty of care when the VAN recklessly, carelessly and negligently collided into Kerry's motor vehicle.

29. The Defendants' negligence caused and/or contributed to the cause of Kerry being hurt and injured in her health, strength and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which said injuries

have caused and continue to cause Kerry great physical, mental and nervous pain and suffering.

30. Kerry's injuries have resulted or will result in some permanent disability to her in an amount which will be stated according to proof at the time of trial.

31. The Defendants' negligence caused and/or contributed to the cause of Kerry being compelled to and employing the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and incurring hospital medical, professional and incidental expenses; and upon information and belief Kerry understands that by reason of her injuries she will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of such expenses will be stated according to proof at the time of trial.

32. The Defendants' negligence further caused and/or contributed to the cause of Kerry incurring, and incurring in the future, loss of income, wages and other pecuniary losses, the exact amount of such expenses will be stated according to proof at the time of trial.

## JURY DEMAND

Plaintiff demands a jury trial on all claims and issues for which she is entitled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KERRY J. HAHN demands judgment for all damages recoverable under the law against Defendants YANKEE REMODELER OF NEW ENGLAND, INC. and JEFFREY TOLER, jointly and severally, in an amount greater than the jurisdictional requirement of this Court plus pre- judgment and post-judgment

interest, costs and attorneys' fees (as may be allowed by applicable law) and for such other, further or different relief as this Court deems just and equitable.

Dated: March 5, 2019

                Karns Law Group

By:  /s/ Robert T. Karns
_____
Robert T. Karns, Esq. (RI-3791)
6 Valley Road
Middletown, RI 02842
(401) 841-5300 -- Telephone
(401) 846-5999 – Facsimile
robert@karnslaw.com
(sarah@karnslaw.com)
www.karnslaw.com
*Attorneys for Plaintiff*

                Fulweiler llc

By:  /s/ John K. Fulweiler
_____
John K. Fulweiler, Esq. (RI-7876)
W.B. Franklin Bakery Building
40 Mary Street
Newport, RI 02840
(401) 667-0977 -- Telephone
(401) 656-2501 – Facsimile
john@saltwaterlaw.com
www.saltwaterlaw.com
*Attorneys for Plaintiff*